DAVID RENDLICH, Respondent, v. HAMMOND PACKING COMPANY, Appellant.

**Kansas City Court of Appeals, April 25, 1904.**

**MASTER AND SERVANT: Defective Appliances: Confusing Instructions.** A petition by a servant against the master for negligence counted on certain defective rollers and a certain steadying board, and there was some evidence of the rollers causing the accident, though at the trial the charge as to them was abandoned. The instructions used the words "board" or "device" also "appliance" or "steadying board" and likewise "appliances." *Held*, while there was evidence to go to the jury as to the defective steadying board the instructions were confusing and the case being a close one is therefore reversed.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED AND REMANDED.

*Johnson, Rusk & Stringfellow* for defendant.

(1) The demurrer to the evidence should have been given. (2) Instruction number one given for plaintiff is erroneous. In the first place, the court by defendant's instruction number one, directs the jury that they can not find for the plaintiff because of any defect in the rollers or their use, but instruction number one for plaintiff directs the jury that if they believe that the hogs were hanging by means of a hook attached to a roller and that said roller ran along a rail to carry said hogs, and that on the date of the accident said "board or device" provided for holding said hogs in proper condition was "loose and out of place" and that plaintiff notified defendant's foreman of the "conditions stated in this instruction," etc., then the verdict should

be for plaintiff. This instruction is so ambiguous in its construction that the jury might easily believe that it submitted to them a consideration of the condition of the rollers. 20 Am. and Eng. Ency. Law 128, and cases cited; Halloran v. Union T. & F. Co., 133 Mo. 470; Stalzer v. Packing Co., 84 Mo. App. 570. (3) Plaintiff's instruction number two is erroneous. (4) Instruction number three given for plaintiff is erroneous. Stalzer v. Packing Co., 84 Mo. App. 570; Bailey on M. & S., sec. 3119; 20 Am. and Eng. Ency. Law, 129, and cases cited.

*Charles C. Crow* for respondent.

(1) Appellant's contention in the first point of its brief is simply absurd in view of the evidence. The jury very properly found the testimony offered by defendant to be false. (2) Respondent's instructions, taken as a whole and read together correctly, declare the law in the case. Instruction No. 1 is qualified by requiring him to have been exercising ordinary care, and even if this were not true, appellant's instructions cure any possible technical defect that might exist and further expressly instructs the jury that appellant's and respondent's instructions must be considered and obeyed by the jury as a whole in arriving at a verdict. (3) We ask a careful reading of all the instructions and it will be found that there is no reason for appellant's criticism. Every objection urged by appellant to instructions given on behalf of respondents, are answered, if they require an answer, in its instructions to the jury. State ex rel. v. Hope, 102 Mo. 441; Everett v. Kansas City, 162 Mo. 238; O'Neill v. Blase, 94 Mo. App. 648.

ELLISON, J.—The plaintiff's action is for personal injuries. He prevailed in the trial court.

It appears that plaintiff was in the employ of defendant in its packing house in St. Joseph. That his

work was designated as that of a "splitter:" that is, he split recently slaughtered hogs with a cleaver. The hogs were suspended by hooks attached to rollers, the latter running along a rail: that is, they were drawn along the rail by a chain and thus the hog would be taken to the place where plaintiff performed the work of splitting it in halves. There was what is called a "steadying board" the office of which was to hold the hog in position while the splitter clove it in two. The evidence showed that it was necessary to have such device so that the stroke of the cleaver would be true; otherwise, if the hog shifted position the cleaver was apt to glance and injure the person using it.

The rollers were shown to have been in bad condition in more than one respect. Some of them would not revolve, or would not do so freely, and thus as they were pulled by the chain would jerk, or jump, as stated by plaintiff and other witnesses. There was also testimony tending to prove that this steadying board had two loose boards at the back and that it was somewhat worn on the side where first struck by the suspended hogs being pulled along as described.

At the time of the accident plaintiff had made one or more strokes and in attempting another, the hog's position was slightly altered and the cleaver glanced through the neck of the hog on into plaintiff's foot, inflicting the injury for which he sues.

There was a demurrer to the testimony which the trial court refused and defendant urgently contends that it should have been given, on the ground that there was no evidence that the injury happened by reason of a defective steadying board. The petition charged (though it was abandoned at the trial) that the rollers were left negligently out of order so that they would not work properly. There is much of the evidence in behalf of plaintiff which can reasonably be said to show that the defective rollers caused the jerking of the hog as it would be pulled along and that the misstroke made

by plaintiff which cut his foot was the result of that cause. But we have concluded there was sufficient evidence directed to showing defects in the steadying board and that that caused the injury, to justify the court in refusing the demurrer.

But the case is a close one, and on account of the mingling in the petition and in the evidence of defective rollers causing uneven and jerking movements in the animal swinging from these rollers, and the somewhat confused state of the evidence as to which of these was the proximate cause of the injury, we have concluded that plaintiff's instructions are faulty to such degree as in all probability to confuse the jury.

The first instruction after having referred to the rollers and to the board, then submits that, if "said board or *device* provided for holding said hogs in proper condition was loose and out of place," etc.

The second instruction submits, that though plaintiff had knowledge of the condition of the "*appliance* or steadying board" and that the use of said *appliance* in its then condition was dangerous, etc., repeating the word "appliance" twice more.

The third instruction repeats the fault of the second and closes by stating that in the situation to which it refers, "plaintiff had a right to rely upon the safety of said appliances and that defendant would remedy said defects within a reasonable time and continue working said appliances." In thus using the plural in referring to the appliances which defendant used in bringing the hogs to where plaintiff stood, the instruction would necessarily lead the jury to believe the rollers which caused the jerking, were included.

We are aware, of course, that it is a frequent mode of expression in instructions to use two words interchangeably, which are intended to convey and do convey the idea that only one object is referred to, and the same thing meant by the use of either. But the condition of the case justifying such mode of expression, is not

found here. For, as has been already stated, the pleading and the evidence, especially as the latter was emphasized by plaintiff himself, would naturally lead the jury to consider defendant at fault on account of the rollers. On retrial, the safe way to do is to confine the instructions strictly to the steadying board, as it is negligence in that regard upon which the case is based.

Reversed and remanded. All concur.